IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SYLVESTER E. LOFTON | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv197 |
| BRYAN COLLIER, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Sylvester E. Lofton, an inmate confined at the Michael Unit, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Discussion

Plaintiff paid the filing fee in the above-styled action. Accordingly, on April 23, 2019, an order was entered directing the Clerk to deliver summonses to plaintiff so he could serve the defendants in accordance with FED. R. CIV. P. 4.

On June 7, 2019, and again on November 12, 2019, plaintiff moved to proceed *in forma pauperis* for the purpose of service. Additionally, plaintiff filed a motion for the court to order free service by the United States Marshal. Plaintiff's motions were denied, and plaintiff was advised he remained responsible for service of process on the defendants.

On February 26, 2020, the magistrate judge entered a report recommending dismissal based on plaintiff's failure to obtain service of the defendants or show good cause for failing to do so. On March 16, 2020, plaintiff filed objections to the report. On July 20, 2020, after consideration of plaintiff's objections, plaintiff was provided an additional forty-five days in which to serve the defendants or show good cause for failing to do so.

On September 10, 2020, plaintiff submitted certified mail return receipts for the defendants. The receipts, however, were not signed by the defendants or an authorized agent of the defendants and failed to prove service had been accomplished in accordance with the applicable Federal or State rules. Further, on October 19, 2020, plaintiff submitted to the court notices regarding defendants

Rabideaux, Amouful, and Lashley revealing that the summonses had been returned to the server with the notation "Return to Sender Not Deliverable As Addressed Unable to Forward."

Finally, on October 1, 2021, plaintiff requested an extension of time to prosecute this action. Plaintiff's motion was granted on November 4, 2021, and plaintiff was provided an extension of forty-five days to prosecute his lawsuit. More than sixty days has expired since the date of the order and, as of this date, plaintiff has failed to show proof of service of the defendants and has had no other contact with the court.

## Analysis

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

*Pro se* status does not excuse a litigant's failure to effect service. *Systems Signs Supplies v. U.S. Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Furthermore, the dismissal is mandatory absent a showing of good cause. *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990).

Plaintiff has had an extensive amount of time to serve the defendants in this action. More than thirty-two (32) months have elapsed since the date the court provided plaintiff with summonses and copies of the complaint. Despite extensions of time in which to accomplish service and warnings that his failure to serve the defendants may result in the dismissal of this action, plaintiff has failed to effect service in accordance with the applicable rules. Further, plaintiff has failed to show good cause for failing to effect service upon the defendants. As a result, plaintiff's claims must be dismissed without prejudice pursuant to Rule 4.

The court notes, however, that the claims which form the basis of this complaint occurred on or about January 25, 2017. Thus, unless the statute of limitations is suspended, plaintiff would

be barred from refiling claims not barred by the statute of limitations at the time he filed the above-styled action, resulting in a dismissal with prejudice. Dismissal with prejudice for failing to prosecute or to obey an order of the court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff's it benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Upon consideration of all relevant factors, the court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice. Furthermore, the statute of limitations should be suspended for a period of ninety (90) days to permit plaintiff to refile his lawsuit, should he choose to do so, without facing the limitations bar as to any claim which was not barred by the statute of limitations when this action was filed. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799 (5th Cir. 1992). It is therefore

**ORDERED** that the above-styled action is **DISMISSED** without prejudice. The statute of limitations is suspended for a period of ninety days from the date of this order. A final judgment will be entered in this case in accordance with this opinion.

**SIGNED** this the 6 day of **January, 2022.**

Thad Heartfield
United States District Judge